UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>    Plaintiff,<br><br> v.<br><br>CLINICA SIERRA VISTA, INC.,[1]<br><br>    Defendant.[2] | Case No. 1:25-cv-01808-KES-CDB<br><br>ORDER VACATING FEBRUARY 5, 2026,<br>FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 13)<br><br>FINDINGS AND RECOMMENDATIONS<br>TO GRANT DEFENDANT'S MOTION TO<br>DISMISS AND TO DENY PLAINTIFF'S<br>MOTION TO REMAND AS MOOT<br><br>(Docs. 4, 7)<br><br>**14-DAY OBJECTION PERIOD** |

Pending before the undersigned is the motion of Defendant United States of America[3] ("Defendant") to dismiss Plaintiff's Steven Whitfield's ("Plaintiff") first amended complaint ("FAC") for lack of subject matter jurisdiction, filed on December 18, 2025.[4] (Doc. 4). Plaintiff filed an untimely opposition to Defendant's motion to dismiss on March 13, 2026, and Defendant

---

[1] Defendant Clinica Sierra Vista, Inc. ("CSV") notes in the notice of removal that it is erroneously sued as "Sierra Clinica Vista, Inc." (Doc. 1 ¶ 1).

[2] CSV notes that Plaintiff has not served named Defendant physician assistant nurse "Nancy" and it is understood that Plaintiff is pursuing his claims only against CSV. *Id.* ¶ 3.

[3] On December 11, 2025, the federal government filed a notice of substitution indicating that it is substituted in this action in place of CSV pursuant to 42 U.S.C. § 233(c) as CSV "was a deemed employee of the Public Health Service and was[] acting within the scope of such employment at the time of the incidents giving rise to this action[.]" (Doc. 2 at 1).

[4] On December 19, 2025, the presiding district judge referred the pending motion to dismiss to the undersigned for the preparation of findings and recommendations and/or other appropriate action and vacated the noticed hearing. (Doc. 5).

filed a reply on March 23, 2026. (Docs. 20, 21). Plaintiff separately filed a motion to remand (Doc. 7) and Defendant opposed. (Doc. 12). The undersigned deems the motions suitable for the preparation of findings and recommendations without hearing and oral argument. *See* Local Rule 230(g). For the reasons set forth below, the undersigned will recommend Defendant's motion to dismiss for lack of subject matter jurisdiction be granted and that Plaintiff's motion to remand be denied as moot.

I.    **Background**

   A.    **Procedural History**

Plaintiff, proceeding pro se, filed the operative FAC on August 15, 2025, in state court before Defendant removed the case to this Court on December 11, 2025. (Doc. 1). On January 5, 2026, approximately three weeks after Defendant filed a motion to dismiss, Plaintiff filed a motion to remand.[5]

After Plaintiff failed to timely respond to Defendant's motion to dismiss, on February 5, 2026, the undersigned issued findings and recommendations to dismiss the action without prejudice for Plaintiff's failure to prosecute and to obey Court orders and the Local Rules. (Doc. 13). On February 11, 2026, the Court granted Plaintiff's request for an extension of time to file a response to Defendant's motion to dismiss and ordered Plaintiff to file any opposition or statement of non-opposition thereto no later than March 4, 2026. (Doc. 17).

On March 9, 2026, Plaintiff lodged a purported amended complaint. (Doc. 19). Because Plaintiff filed the proposed amended complaint only after the time for such filing as a matter of right had lapsed and because Defendant did not stipulate to its filing and Plaintiff otherwise did not seek leave of Court to make the filing (*see* Fed. R. Civ. P. 15), the undersigned considers Plaintiff's proposed amended pleading for the limited purpose of determining whether granting leave to amend would be futile.

On April 2, 2026, Plaintiff filed without leave a "sur-reply" to Defendant's reply. (Doc. 22). Because Plaintiff's filing of a sur-reply is not authorized by the Local Rules, Plaintiff has not

---

[5] The presiding district judge referred both Defendant's motion to dismiss and Plaintiff's motion to remand to the undersigned for the preparation of findings and recommendations and/or other appropriate action. (Docs. 7, 9)

2

obtained leave of Court for its filing, and there does not appear to be a valid reason for the filing (such as, for instance, the raising of new arguments by Defendant in its reply), the undersigned disregards the filing for purposes of these findings and recommendations. *See* Local Rule 230(m); *Warren v. City of Chico*, No. 2:21-CV-00640-DAD-DMC, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024).

**B.      Order Vacating February 5, 2026, Findings and Recommendations**

Notwithstanding Plaintiff's opposition was untimely filed on March 13, 2026 (Doc. 20), the undersigned finds it appropriate to consider the filing in reviewing Defendant's motion to dismiss. Accordingly, the undersigned will vacate the findings and recommendations to dismiss the action as a sanction for Plaintiff's failure to prosecute, issued on February 5, 2026. (Doc. 13).

**C.      Plaintiff's FAC[6]**

Plaintiff alleges in the FAC that he was a patient of Dr. Uy of CSV, who had been treating him for all healthcare needs "before the incident giving rise to this litigation." *Id.* at 7. Plaintiff alleges he was informed that in instances Dr. Uy was absent from regularly scheduled work, Nurse Nancy "would substitute for her" and provide Plaintiff's prescription medications including "Norco 10mg [four] times a day … as needed." *Id.* He alleges that during an interview with Nancy, she acknowledged that she was aware of Plaintiff's regularly prescribed controlled medication, and that she "had on at least [two to three] other times prior to the incident … had properly prescribed [P]laintiff his regularly prescribed medications." *Id.* He alleges that "in spite of being verbally informed/reminded" of Plaintiff's prescribed medication, Nancy sent to Rite Aid pharmacy a prescription consisting of only "5mg[] of Norco [four]-times a day as needed." *Id.* Plaintiff asserts Nancy "breached the applicable standards of care under both [f]ederal and California law." *Id.*

In the FAC, Plaintiff asserts six claims for relief, including: (1) professional negligence under Cal. Civ. Code § 304.5; (2) a non-physical impact theory claim; (3) a statutory violation of Cal. Civ. Code § 51(b); (4) a claim for willful misconduct/intentional misconduct under Cal. Civ. Code § 733; (5) a statutory violation of the Rehabilitation Act of 1979; and (6) a statutory violation of Title II of the Civil Rights Act of 1964. (Doc. 1 at 8-9). In his prayer for relief, Plaintiff seeks

---

[6] References to filings herein are to the CM/ECF-assigned page number.

3

declaratory and injunctive relief, damages, and reasonable attorney's fees and costs. *Id.* at 10. The FAC is signed and dated August 6, 2025. *Id.*

## II.    Governing Authority

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's sufficiency and asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629

F.3d 992, 998 (9th Cir. 2010)).

Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . .'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.    <u>Parties' Contentions</u>

Defendant argues dismissal of Plaintiff's FAC is warranted because he failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), and the Court thus lacks subject matter jurisdiction. (Doc. 4 at 1) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.")). Defendant contends that because it is deemed to be a covered person/federal employee, claims against CSV for personal injury resulting from the performance of medical or related functions must be brought against the United States pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671-80. (Doc. 4-1 at 2). Defendant argues that because Plaintiff did not complete the FTCA's administrative claims process before filing suit, his claims against the United States must be dismissed for lack of subject-matter jurisdiction. *Id.* (citing 28 U.S.C. § 2675(a)).

In opposition to Defendant's motion, Plaintiff contends that he did not receive notice that there was "a federal employee with respect to the medical services rendered" by CSV. (Doc. 20 at 1). In essence, Plaintiff argues that Defendant has failed to establish that it is a covered entity such that the FTCA's exhaustion requirements attach.

Defendant contends in reply that Plaintiff's action should be dismissed "because it is undisputed that [he] has never submitted an administrative claim necessary to file a lawsuit against the United States arising from treatment by [CSV] providers" and Plaintiff therefore "failed to

exhaust his administrative remedies, thereby depriving this Court of jurisdiction." (Doc. 21 at 1).

**IV.     Defendant's Unopposed Request for Judicial Notice**

Defendant requests the Court take judicial notice of state court filings and records, including of CSV's demurrer to Plaintiff's FAC filed on October 6, 2025, and of the state court judge's ruling on the demurrer filed on November 21, 2025. (Doc. 4-3 at 1). Plaintiff does not object to Defendant's request for judicial notice. *See* (Doc. 20).

The Court may take judicial notice of court records. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted). Therefore, the undersigned takes judicial notice of Defendant's exhibits in support of its motion of CSV's state court demurrer and the state court's ruling thereto. *See* (Doc. 4-3 at 3-15).

**V.     Discussion**

**A.     FTCA Exhaustion**

1.     Governing Authority

"The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). "Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim." *Id.* (citing 28 U.S.C. § 2675(a)). This requires the plaintiff to file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *D.L by and through Junio*, 858 F.3d at 1244. "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *Id.* (citing *Jerves*, 966 F.2d at 519). In other words, exhaustion is a jurisdictional prerequisite and "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity.

6

Any such waiver must be strictly construed in favor of the United States." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citing *Jerves*, 966 F.2d at 521).

"The Federally Supported Health Centers Assistance Act (FSHCAA) provides that the exclusive remedy for damages resulting from the performance of medical functions by employees of the U.S. Public Health Service acting within the scope of their employment is a claim against the United States under the FTCA." *Id.* (citing 42 U.S.C. § 233(g)). "Upon certification that the defendant employee was acting within the scope of his employment at the time of the incident giving rise to the suit, the case must be removed and the proceeding deemed a tort action brought against the United States under the FTCA." *Id.* (citing 42 U.S.C. § 233(c)).

2.      Analysis

To administratively exhaust his claim under the FTCA, Plaintiff needed to file his administrative claim against CSV with the U.S. Department of Health and Human Services and wait for the claim to be denied in writing or following the expiration of the six-month statutory waiting period. *Warren*, 724 F.2d 776, 780; *e.g., Flores v. United States*, No. 1:23-cv-01742-KES-CDB, 2024 WL 3202946, at *2 (E.D. Cal. June 27, 2024).

Because the government relies on evidence extrinsic to the FAC to support its argument that Plaintiff filed this action prematurely, evidence which the undersigned judicially noticed as noted above, the government's jurisdictional argument is a factual challenge. *See St. Clair of City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (a factual challenge "rel[ies] on affidavits or any other evidence properly before the court" to challenge the operative complaint's allegations). Therefore, Plaintiff must present "affidavits or any other evidence necessary to satisfy [his] burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (citation omitted).

Since this action was initiated in state court and removed to this Court, Plaintiff has not submitted an administrative claim regarding his allegations against CSV with the U.S. Department of Health and Human Services. *Cf. Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984) (holding district court had jurisdiction over a case that was removed from state court after plaintiff exhausted administrative remedies despite not exhausting remedies at the time she initiated the suit

in state court).  Defendant's exhibits to its motion to dismiss establish that Plaintiff did not exhaust his administrative remedies under the FTCA in state court.  *See* (Doc. 4-3 at 6).  Plaintiff has not proffered any affidavits or any other evidence to demonstrate that he exhausted his administrative remedies in compliance with the FTCA.  *See* (Docs. 1, 4, 20).  To the contrary, Plaintiff effectively concedes that he did not file any administrative claim with the proper federal agency in arguing he did not receive notice that CSV is a covered person/federal employee triggering FTCA claims presentation prior to filing suit.  *See* (Doc. 20 at 1); *Boudousquie v. U.S. Dep't of the Army*, No. 2:23-cv-00948-DAD-SCR, 2024 WL 5247185, at *3 (E.D. Cal. Dec. 30, 2024) (finding motion to dismiss should be granted on basis that plaintiff failed to exhaust administrative remedies prior to filing FTCA action), *recommendation adopted*, 2025 WL 808086, at *1 (E.D. Cal. Mar. 13, 2025). In his proposed/lodged amended complaint (Doc. 16), which Plaintiff filed *after* receiving Defendant's motion to dismiss and arguments concerning his failure to comply with the FTCA's exhaustion requirement, he likewise does not allege exhausting his administrative remedies.

Given the uncontested evidence regarding Plaintiff's premature filing of this action, and because Plaintiff failed to exhaust his administrative remedies as required by the FTCA, the undersigned will recommend this case be dismissed for lack of subject matter jurisdiction and without leave to amend, as Plaintiff is unable to cure this defect.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (a court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *e.g.*, *Corrales v. Dutschke*, 760 F. Supp. 3d 1053, 1069 (S.D. Cal. 2024) (dismissing FTCA claims without prejudice and without leave to amend as "the claims cannot be cured by amendment because Plaintiff … had not yet exhausted his administrative remedies.") (citation omitted).  Furthermore, because this Court is without subject matter jurisdiction over Plaintiff's claims, the undersigned will recommend that Plaintiff's motion to remand (Doc. 7) be denied as moot.

///

///

///

///

**IV.   Conclusion, Order, and Recommendation**

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on February 5, 2026 (Doc. 13) are VACATED.

And it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Doc. 4) be GRANTED.

2. Plaintiff's claims (Doc. 1) be DISMISSED for lack of subject matter jurisdiction without leave to amend and without prejudice.

3. Plaintiff's motion to remand (Doc. 7) be DENIED as moot.

4. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b).

The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections.  To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_____
UNITED STATES MAGISTRATE JUDGE